# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

WILLIE A. WASHINGTON                                                                                   PLAINTIFF

v.                                       2:18cv00064-BSM-JJV

JOHNNIE JONES, Lieutenant,
St. Francis County Jail; *et al.*                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Willie A. Washington ("Plaintiff") is incarcerated at the St. Francis County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 8.) His Amended Complaint includes allegations regarding the denial of recreation, the conditions of his confinement, the denial of his right to contact his family, his treatment by jail staff, the denial of his right to the grievance procedure, and being held in the jail for personal reasons. (Doc. No. 8 at 1-7.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

In his original Complaint, Plaintiff alleged he was subjected to smoke after the jail was "set on fire," he was attacked by two correctional officers who were not named as defendants, and he was held in a "condemned area." (Doc. No. 2 at 4.) Because these claims were factually unrelated to one another, did not implicate any of the named

Defendants, and were in need of further development, I offered Plaintiff an opportunity to amend. (Doc. No. 3 at 3-4.) Although he has filed an Amended Complaint (Doc. No. 8), Plaintiff does not mention any of his original claims in his Amended Complaint and appears to have abandoned them. He was cautioned that an amended complaint would render his original Complaint without legal effect and that only claims set out in the Amended Complaint would be allowed to proceed. (Doc. No. 3 at 4.)

Plaintiff's Amended Complaint is essentially a list of more unrelated allegations. He contends he has been denied regular recreation; he was held for a time in a filthy cell; he has been denied his right to contact his family because he is indigent and has not been provided envelopes; the correctional officers never check to see if he needs anything and sometimes have a "foul attitude"; he is not given enough soap, toothpaste, or toothbrushes; his clothes do not get laundered often enough; the drain in the floor of his cell clogged up; there is black mold in the showers; the sinks in the cells lack running water; he was told he would be charged for copies of his grievance forms; and his cup and spoon never get replaced. (Doc. No. 8 at 1-3.) He also alleges the jail was "getting paid from the state" during a period when he was not in the jail and that he has been held in jail without a court date. (*Id*. at 4, 6-7.) Because Plaintiff was told to choose one claim on which to proceed (Doc. No. 3 at 4) and he has not done so, I will screen his first claim regarding recreation. All other claims should be dismissed without prejudice; if Plaintiff desires to proceed on them, he may do so in a separate action for each. *See* Fed. R. Civ. P. 20(a)(2) (claims against multiple defendants may be joined in one action if they arise out of the same transaction, occurrence, or series of transactions or occurrences).

Plaintiff claims he was denied yard call "for almost a month" in December 2017. (Doc. No. 8 at 1.) He claims he was again denied yard call on May 9, 2018, and from May 14 through 16, 2018. (*Id*. at 1-2.) He implicates Correctional Officers Hunter Bird and Otis Smith, neither of whom is named as a defendant. (*Id*. at 1.) According to Plaintiff, he "never get[s] recreation on the 1st shift [and] that is C/O Hunter Bird & Otis Smith." (*Id*. at 3.) He says that on May 18, 2018, Larry Jones, also not a defendant, "came down to A-cell [and] made C/O Hunter Bird take us out to reck call (recreation)." (*Id*. at 4.) In his only mention of a named Defendant, Plaintiff says Bird denied yard call on May 9 on the basis that "he has to do what Mrs. Johnnie Jones tells him." (*Id*. at 1.) In short, Plaintiff has not alleged any of the named Defendants were deliberately indifferent to his exercise needs. *See Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992) (deliberate indifference standard for prisoners); *Davis v. Oregon Cty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010) (in conditions of confinement cases, "[p]retrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment"). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff's failure to explain Defendants' role in the denial of his recreation time is fatal to his claim.

In addition, despite being specifically instructed to do so (Doc. No. 3 at 4), Plaintiff has not stated whether he is suing Defendants in their official or individual capacities, or in both capacities. The United States Court of Appeals for the Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly

5

and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's failure to expressly and unambiguously state his intent to sue Defendants in their individual capacities means I must construe his Amended Complaint as being against Defendants in their official capacities only. *See id*.

Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690, n. 55 (1978)). As long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Id*. at 166. Thus, Plaintiff's official capacity claims against Defendants are to be treated as claims against St. Francis County. Section 1983 liability against municipalities and other local government units is limited:

> Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell*, 436 U.S. at 690-91. Plaintiff does not identify any official policy or unofficial custom of St. Francis County that contributed to the denial of his recreation time. Accordingly, his official capacity claims fail as a matter of law.

For these reasons, Plaintiff's Amended Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 8) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."